UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CV2004 RLW ) |
| MAD COW ENTERTAINMENT, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Set Aside Default Judgment by Davidra S. Smith (ECF No. 19) Upon review of the motion and Plaintiff's response, the Court will set aside the Clerk's Order of Default as to Defendant Davidra Smith only.

Plaintiff filed this action in federal court, alleging that the Defendants displayed the telecast of "*Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Fight Program*" at Pure Ultra Lounge, a bar/restaurant in Ferguson, Missouri, on December 8, 2012, without purchasing the right to do so. Plaintiff asserts that the display was done willfully and for the purposes of direct or indirect commercial advantage or private financial gain. Plaintiff seeks statutory damages of $110,000.00 for violation of 47 U.S.C. § 605 in Count I; statutory damages of $60,000.00 for violation of 47 U.S.C. § 553 in Count II; and compensatory damages in the amount of $6,200 on the conversion claim. Plaintiff also seeks attorney's fees and costs. None of the named Defendants filed an Answer in this case.

On July 7, 2015, the Clerk of the Court filed an Entry of Default in this action. Thereafter, Plaintiff filed a Motion for Default Judgment. In response, Defendant Davidra Smith filed a Motion to Set Aside Default Judgment, indicating that she had responded to Plaintiff's

counsel and that she did not own the Defendant company at the time of the alleged violations. Plaintiff's response argues that because Defendant Smith is not an attorney, she cannot file any pleadings on behalf of the corporation, Mad Cow Entertainment, LLC. Plaintiff further contends that Ms. Smith was in fact the owner/manager at the time of the telecast.

The Court agrees that Defendant Smith may not request that the Clerk's Entry of Default be set aside on behalf of the corporation. *See Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."); *JODA, LLC v. Ace NC Sys., LLC,* No. 4:09 CV 1197 CDP, 2014 WL 2217279, at *1 (E.D. Mo. May 29, 2014) (same). As such, Defendant Smith may only represent herself in this matter. Because Ms. Smith is acting *pro se*, the Court will set aside the default has to her only. However, the Clerk's Entry of Default remains in effect with respect to the Defendant company, Mad Cow Entertainment, LLC.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Set Aside Default Judgment by Davidra S. Smith (ECF No. 19) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Davidra S. Smith shall file an Answer to Plaintiff's Complaint with this Court no later than November 30, 2015.

Dated this 12th day of November, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**