UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV2004 RLW |
| | ) |
| MAD COW ENTERTAINMENT, LLC, | ) |
| a limited liability company, d/b/a | ) |
| PURE ULTRA LOUNGE, and | ) |
| DAVIDRA S. SMITH, an individual, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendants and Second Motion for Default Judgment against Defendant Davidra S. Smith (ECF Nos. 16, 22). For the following reasons, the motions for default judgment will be granted in the amount of $9,070.00.

## Background

Plaintiff alleges that Defendant Mad Cow Entertainment, LLC ("Mad Cow") d/b/a Pure Ultra Lounge, a commercial establishment located in Ferguson, Missouri, and Defendant owner Davidra S. Smith, unlawfully intercepted and exhibited a December 8, 2012 broadcast of *Manny Pacquiao v. Juan Manuel Marquez, IV, Welterweight Fight Program* ("Program") for which Plaintiff alleges it held exclusive nationwide television distribution rights. (Compl. ¶¶ 6, 7, 9, 12, ECF No. 1) Plaintiff asserts that the unauthorized broadcast was done willfully and for the purposes of direct or indirect commercial advantage or private financial gain. (Compl. ¶ 12)

Plaintiff filed this action to recover damages for Defendants' violation of the Communications Act of 1934, 47 U.S.C. §§ 605, *et seq.* (Count I), violation of the Cable and

Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553, *et seq.* (Count II), and for conversion under Missouri law (Count III). Plaintiff also seeks to recover attorneys' fees and costs incurred in this action, as well as post-judgment interest. Defendant Davidra Smith was served with the summons and complaint on March 5, 2015. Defendant Mad Cow was served on March 23, 2015. Defendants did not timely file an answer or responsive pleading. On July 7, 2015, the Clerk of the Court entered default against Defendants. Plaintiff also filed a Motion for Default Judgment, requesting statutory damages of $110,000.00 in Count I; statutory damages of $60,000.00 in Count II; and damages in the amount of $6,200.00 on the conversion claim. Plaintiff further requested attorney's fees and costs under each count, as well as post-judgment interest.

On August 11, 2015, Defendant Davidra Smith filed a *pro se* Motion to Set Aside Default Judgment. On November 12, 2015, the Court granted Ms. Smith's motion and ordered her to file an Answer to the Complaint no later than November 30, 2015. Ms. Smith did not comply with this Court's order, and on December 7, 2015, Plaintiff filed a Second Motion for Default Judgment.

### **Legal Standard**

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency,* No. Civ. 01-497(PAMJGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Further, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

## **Discussion**

In Count I of the Complaint, Plaintiff alleges a violation of 47 U.S.C. § 605 and seeks statutory damages in the amount of $110,000. Section 605 prohibits a "person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio [from] divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . ." 47 U.S.C. § 605(a). The statute allows the Court to award statutory damages of not less than $1,000 or more than $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). If the Court finds "that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ." 47 U.S.C. § 605(e)(3)(C)(ii).

Under Count II, Plaintiff alleges that Defendants violated 47 U.S.C. § 553 and seeks statutory damages in the amount of $60,000. Section 553 provides, "[n]o person shall intercept

3

or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise by specifically authorized by law." 47 U.S.C. § 553(a)(1). The Court may award statutory damages to an aggrieved party for all violations in a sum of not less than $250 or more than $10,000. 47 U.S.C. § 553(c)(3)(A)(ii). Where the Court finds "the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B).

Plaintiff has requested the maximum amount of damages available under each statute. Plaintiff argues that the Court should award the enhanced maximum statutory damages to "effectively deter parties such as the Defendants from stealing proprietary programming." Further, the Plaintiff requests that the Court increase the award of damages the maximum amount for the willful violation of 47 U.S.C. §§ 553 and 605.

The Court accepts the factual allegations in Plaintiff's Complaint as true. Plaintiff has established that it is entitled to damages for a willful violation of 47 U.S.C. §§ 553 and 605 for the purpose of commercial gain. However, other than seeking maximum damages for a willful violation based solely on a deterrent effect, Plaintiff presents no evidence that the Court should award damages in the amount requested by Plaintiff. Plaintiff makes no allegations that Defendants are repeat offenders or that Defendants received substantial financial gain. *See Joe Hand Promotions, Inc. v. Thompson,* No. 4:11-CVC-1740 CAS, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013) (awarding less than the requested maximum damages where plaintiff failed to allege that defendants were repeat violators and substantial financial gain by defendants).

Indeed, awards of the maximum amount of enhanced statutory damages are not common in this district. *Kickers Corner*, 2014 WL 805731, at *3.

Thus, the Court will exercise its discretion and award Plaintiff statutory damages in the amount of $1,000 and enhanced damages in the amount of $2,000 for the willful violation of §§ 553 and 605 for the purpose of financial gain. *See, e.g., Kickers Corner*, 2014 WL 805731, at *3 (awarding $3,000 per violation under each statute); *J & J Sports Productions, Inc. v. Sirkco, LLC*, No. 4:12CV763 CDP, 2013 WL 363355, at *2 (E.D. Mo. Jan. 30, 2013) (awarding a total of $3,000 including an enhanced award of $2,000 for willfulness).

With regard to Plaintiff's conversion claim, in its Memorandum in Support, Plaintiff fails to address the conversion claim or support its right to such damages under a conversion theory. As such, the Court will not award damages on Count III of the Complaint.

Plaintiff also requests attorney's fees in the amount of $2,500.00 for 10 hours of work at $250.00 an hour. The Court finds Plaintiff's request to be reasonable and will award Plaintiff attorney's fees in the amount of $2,500.00. Likewise, the Court will award court costs and post-judgment interest at the rate set by federal law. *J & J Sports Productions, Inc. v. Go Go Invs., LLC*, No. 4:12 CV 2231 RWS, 2014 WL 961336, at *1 (E.D. Mo. March 12, 2014).

With regard to Plaintiff's Second Motion for Default Judgment against Defendant Davidra S. Smith, the Court notes that Ms. Smith has failed to file an Answer within the time mandated by this Court's Order of November 12, 2015. Therefore, the Court will grant Plaintiff's motion and order the Clerk of the Court to reinstate the Clerk's Entry of Default.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Default Judgment against Defendant Davidra S. Smith is **GRANTED** (ECF No. 22). The Clerk of the Court shall reinstate the Clerk's Entry of Default entered on July 7, 2015.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** consistent with this Memorandum and Order (ECF No. 16).

**IT IS FURTHER ORDERED** that Plaintiff is awarded statutory damages in the amount of $6,000.00 against Defendant, representing $1,000.00 in statutory damages and $2,000.00 in enhanced damages for the violation under § 553 and the violation under § 605.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to attorney's fees in the amount of $2,500.00 and costs in the amount of $570.00. An appropriate judgment will accompany this Memorandum and Order.

Dated this 18th day of December, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

6